UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| LOUISE CERVERA )<br>　　Plaintiff, )<br> )<br>vs. )<br> )<br> )<br>GEM RECOVERY SYSTEMS )<br>　　Defendant, )<br> )<br> ) | Civil Action No. |

**COMPLAINT FOR DAMAGES**

**INTRODUCTION**

1. Louise Cervera (Plaintiff) brings this action to secure redress from Gem Recovery Systems (Defendant) for violations of the Fair Debt Collection Practices Act (FDCPA), 15 U.S.C. § 1692.

**JURISDICTION AND VENUE**

2. Jurisdiction in this Court is proper pursuant to 28 U.S.C. § 1331 as Plaintiff's claims arise under the laws of the United States.

3. Venue is proper in this District pursuant to 28 U.S.C. § 1391(b) because the acts and transactions alleged in this Complaint occurred here, Plaintiff resides here, and Defendant transacts business here.

**PARTIES**

4. Plaintiff is an individual, residing in Rochelle Park, New Jersey. Plaintiff is a natural person from whom a debt collector seeks to collect a consumer debt which is due and owing or alleged to be due and owing from such person.

5. Defendant is a national debt collection company with its corporate headquarters located at 99 Kinderkamack Road, Suite 308, Westwood, New Jersey 07675.

6. Defendant is engaged in the collection of debts from consumers using the mail and telephone. Defendant regularly attempts to collect debts alleged to be due another and Defendant is a "debt collector" as defined by the FDCPA.

7. The true names and capacities, whether individual, corporate, or in any other form, of Defendants DOES 1 through 10, inclusive, and each of them, are unknown to Plaintiff, who therefore sues them by such fictitious names. Plaintiff will seek leave to amend this Complaint to show the true names and capacities of DOES 1 through 10 should they be discovered.

## FACTUAL ALLEGATIONS

8. Within one year prior to the filing of this action, Defendant contacted Plaintiff to collect money, property or their equivalent, due or owing or alleged to be due or owing from a natural person by reason of a consumer credit transaction and/or "consumer debt."

9. At all times relevant to this action, Defendant owned, operated and/or controlled telephone number 201-722-1950. At all times relevant to this action, Defendant called Plaintiff from, but not limited to the forgoing telephone number for the purpose of collecting the alleged debt.

10. Within one year prior to the filing of this action, Defendant regularly and repeatedly called Plaintiff at Plaintiff's telephone number 551-497-0937.

11.     Within one year prior to the filing of this action, Defendant caused Plaintiff's telephone to ring repeatedly and continuously to annoy Plaintiff.

12.     Within one year prior to the filing of this action, Defendant communicated with Plaintiff with such frequency as to be unreasonable under the circumstances and to constitute harassment.

13.     On or about November 19, 2013, Defendant left a voicemail on Plaintiff's cellular telephone number of 551-497-0937, in which it failed to identify itself as a debt collector in subsequent communications (Plaintiffs will produce voicemails upon request).

14.     Defendant engaged in false and deceptive means in attempting to collect a debt by failing to identify itself as a debt collector in subsequent communications.

### FIRST CAUSE OF ACTION

**(Violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692)**

15.     Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

16.     Defendant violated the FDCPA. Defendant's violations include, but are not limited to the following:

(a)     Defendant violated 15 U.S.C. §1692d(5) by causing a telephone to ring or engaging any person in telephone conversation repeatedly or continuously with intent to annoy, abuse, or harass any person at the called number;

(b)     Defendant violated 15 U.S.C. §1692e(10) by utilizing false representations or deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer;

(c)     Defendant violated 15 U.S.C. §1692e(11) by failing to disclose in subsequent communications that the communication is from a debt collector.

17.     Defendant's acts, as described above, were done intentionally with the purpose of coercing Plaintiff to pay the alleged debt.

18.     As a result of the foregoing violations of the FDCPA, Defendant is liable to Plaintiff for actual damages, statutory damages, and attorney's fees and costs, and, such other and further relief as the Court deems proper.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully requests that judgment be entered against Defendant for the following:

(a)     Actual damages pursuant to 15 U.S.C. § 1692k(a)(1) for the emotional distress suffered as a result of both the intentional and/or negligent FDCPA violations, in amounts to be determined at trial and for Plaintiff.

(b)     Statutory damages from Defendant pursuant to 15 U.S.C. §1692k(a)(2)(A); and

(c)     Costs and reasonable attorney's fees pursuant to pursuant to 15 U.S.C. § 1692k(a)(3);

(d)     For such other and further relief as the Court may deem just and proper.

## DEMAND FOR JURY TRIAL

Please take notice that Plaintiff demands a trial by jury in this action.

Dated: December 26, 2013

                                                        Respectfully Submitted,

                                                        s/ David P. Force, Esq.
                                                        Attorney for Plaintiff
                                                        Bar ID No.: 005802009
                                                        Law Offices of Michael Lupolover, P.C.
                                                        180 Sylvan Avenue, 2nd Floor
                                                        Englewood Cliffs, NJ 07632
                                                        Phone: (201) 461-0059
                                                        Facsimile: (201) 608-7116
                                                        Email: david@lupoloverlaw.com